**SPRINGBROOK LENDERS, Plaintiff,**

v.

**NORTHWESTERN NATIONAL INSURANCE COMPANY, Defendant.**

**Civ. No. C–86–5073 DLJ(FSL).**

United States District Court, N.D. California.

June 21, 1988.

Leonard Martinet of Williams & Martinet, San Francisco, Cal., for defendant and moving party Northwestern Nat. Ins. Co.

Martin Schenker of Jackson, Tufts, Cole & Black, San Francisco, Cal., for plaintiff Springbrook Lenders.

## PROTECTIVE ORDER AND RELATED THIRD PARTY ACTION

F. STEELE LANGFORD, United States Magistrate.

Northwestern's motion for protective order was submitted before the undersigned Magistrate, without oral argument, pursuant to Local Rule 220–1, on June 7, 1988. The matter was briefed on shortened time, due to the impending deposition and document request which is the subject of the motion.

Discovery in this case originally closed on November 30, 1987. Discovery was reopened by Judge D. Lowell Jensen's order of February 17, 1988, subject to the following limitation:

> Defendant's motion to reopen discovery is GRANTED. Accordingly, discovery is reopened until May 27, 1988, but shall be limited to issues raised by the documents produced by plaintiff after the previous discovery deadline. Any disputes shall be handled by a United States Magistrate.

Springbrook issued a subpoena to third party Financial Guaranty Corporation of Atlanta, Georgia for May 27, 1988. Attorneys for both sides conferred regarding this deposition and defendant's objections. They were not able to resolve their dispute. Northwestern filed this motion for protective order on shortened time. The deposition has since been re-noticed for June 24, 1988.

Financial Guaranty Company issued a bond to Northwestern, which used it to guarantee the performance of the principals of Springbrook Lenders on a note secured by a mortgage on an apartment com-

plex which comprised one of the group's investments. The principals were Paul Pirtle, Philip J. Andrews, Bruce Siriani and Mark W. Stevens. The bond was subsequently extended for one year by Northwestern. When the principals defaulted on their obligation, Northwestern refused to make good the note, disclaiming liability under the bond. Northwestern claims the principals inflated their assets and concealed their liabilities in statements to Northwestern and to Financial Guaranty Company, which issued the bond.

Springbrook is seeking documents, presumably financial statements from the principals, which would show that Financial Guaranty Company was aware of the true financial state of the principals at the time it issued the bond to Northwestern, and that therefore Northwestern knew or should have known of the financial situation. Northwestern contends that it was unaware of the true state of the principals' finances at the time it extended the bond, and if it had been, it would not have extended it.

Springbrook opposed the motion for protective order on three grounds:

1) that Northwestern lacks standing to object to Springbrook's subpoena of a third party;

2) that the documents subpoenaed should have been produced by Northwestern before the first discovery cutoff, since they were in the possession of Northwestern's agent, Financial Guaranty Company;

3) that Northwestern has failed to meet its burden of proof to show that the subpoena is improper, and that the subpoena is proper in light of Judge Jensen's order extending discovery.

Springbrook also requested sanctions, under Federal Rules of Civil Procedure 26(C) and 37(a)(4).

Northwestern responded that it was entitled to a protective order for the following reasons:

1) that the court, upon motion by a party, may make any order which justice requires to protect a party, and that therefore Northwestern has standing to object to the subpoena to Financial Guaranty Company;

2) that the documents at issue were not in Northwestern's possession at the time of the initial document request and that Northwestern was not in a position to compel Financial Guaranty to give Northwestern the documents to produce to Springbrook;

3) that the Judge's order was for the benefit of Northwestern and that Springbrook should not be able to use it to obtain further discovery of issues of which Springbrook was already aware, since Springbrook had in its possession the same documents it has subpoenaed from Financial Guaranty Company.

■ Northwestern does have standing to object to Springbrook's subpoena of a third party. A party may request that the court make an order for its protection. Federal Rule of Civil Procedure 26(c). Northwestern is requesting that the Magistrate settle a discovery dispute regarding further discovery to be taken under Judge Jensen's order extending discovery. It is within this court's jurisdiction to determine if the discovery sought is within the bounds of the Judge's order. It is the finding of this court that the discovery sought is proper, within certain limits.

■ Springbrook is seeking evidence that an alleged agent of Northwestern was aware, from financial documents provided to it by Springbrook, of the financial state of principals who signed the note to purchase the Springbrook apartment complex. Springbrook seeks evidence to refute Northwestern's contention that it was unaware, at the time of the extension of the bond, of the true financial state of the Springbrook principals.

Evidence that an alleged agent of Northwestern was aware of the principals' financial state could possible show that Northwestern was or should have been aware of that financial state at the time of the extension of the bond. The issue of Northwestern's knowledge only emerged after Springbrook produced the financial documents and Northwestern claimed no prior knowledge of their contents. The discovery is therefore related to an issue

raised by the documents produced by Springbrook. The discovery does fall within Judge Jensen's order extending discovery. However, the documents produced should be limited to those concerning the financial state of the Springbrook principals at the time when Northwestern was considering extending the bond (between September and mid-November, 1985).

The moving and responding papers of counsel having been read and considered, and good cause appearing therefore,

IT IS HEREBY ORDERED that the motion for protective order of Northwestern National Insurance Company be GRANTED, to the extent that the documents to be produced by third party Financial Guaranty Company shall be limited to:

1) those documents related to the financial state of the principals of Springbrook Lenders,

2) which were in the possession of Financial Guaranty Company,

3) at the time Northwestern was considering extending the bond in question (September to mid-November, 1985).

Documents shall also be produced which relate to any communication of this financial information from Financial Guaranty Company to Northwestern during the same time period. The deposition of the designated corporate official of Financial Guaranty Corporation shall go forward, subject to these restrictions.